HARRIS, J.
Wilkinson, while standing in the rear’ of a pickup truck, fired his rifle across private land at what he believed to be a grazing deer. In fact, it was a decoy deer deployed by law enforcement to curtail poaching that had been going on in the area. When approached, Wilkinson stated, “I know I screwed up,” “It was just too good to be true,” and “I should not have shot that deer.”
Wilkinson filed a e-4 motion alleging that he was unaware that the property over which he fired was private. He then urged the court to dismiss the information because the law does not prohibit the attempted killing of a decoy and because the State did not properly traverse his allegation that he was unaware that he was shooting across private property. The court dismissed the information finding that section 810.09(2)®, Florida Statutes, does not prohibit the destruction or attempted destruction of a decoy. The State appeals; we reverse.
The question before us is whether Wilkinson violated the prohibition against attempting to kill a deer by intentionally and deliberately firing at what he believed to be a deer even though he actually shot a decoy. “Attempt” is defined as “to make an effort to do.” Hence, the statute criminalizes the intent to shoot a deer together with an overt act toward its commission. Wilkinson purposely engaged in conduct which would constitute the crime of' killing a deer if the attendant circumstances were as he believed them to be. See Model Penal Code § 5.01. The fact that a decoy was employed by law enforcement is immaterial; Wilkinson attempted to shoot a deer.
Although not ruled on by the trial court, we disagree that the State’s traverse was fatally defective. Conclusory allegations and the issue of intent are not properly resolved by a motion to dismiss. Such is Wilkinson’s statement that he did not intend to shoot across private land. In addition, even though the traverse does not specifically deny Wilkinson’s contention that he “turned around and shot ... without thinking whether he was shooting over or across private property,” factual recitations in the traverse clearly raise the issue as to Wilkinson’s awareness of the nature of the property over which he was shooting.
REVERSED for further action consistent with this opinion.
COBB and GOSHORN, JJ., concur.